UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20473-CR-UNGARO(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RENE SIERRA,

    Defendant.

_____/

## **ORDER OF FORFEITURE**

THIS CAUSE is before the Court upon motion of the United States of America (the "United States") for entry of an Order of Forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853 and Federal Rule of Criminal Procedure 32.2(b)(2). The United States seeks a forfeiture money judgment in the sum of $1,214,000.00 in United States currency. Being fully advised in the premises and based on the motion of the United States, the record in this matter and for good cause shown thereby, the Court finds as follows.

On August 4, 2015, Rene Sierra (the "defendant") was charged in a Superseding Information with conspiring to commit theft of government money and property, in violation of Title 18, United States Code, Section 371 [DE 17]. As alleged in the Superseding Information, upon conviction of the charged violation, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense pursuant to Title 18, United States Code, Section 981(a)(1)(C). *Id.*

On August 6, 2015, the defendant pled guilty to conspiring to commit theft of government money and property as alleged in Count 2 of the Superseding Information, in violation of 18 U.S.C. § 371 [DE 56]. In a written plea agreement with the United States, the defendant agreed to forfeit to the United States, voluntarily and immediately, all rights, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the offense of conviction, and subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) [DE 23].

The defendant also agreed to assist in all proceedings, whether administrative or judicial, involving the forfeiture of property, regardless of their nature or form, including real and personal property, cash and other monetary instruments, wherever located. *Id.* Such assistance to include the identification of all assets subject to forfeiture, whether directly subject to forfeiture or as substitute assets, and the transfer of such assets to the United States, by delivery upon request, of all necessary and appropriate documentation with respect to the assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property and assets. *Id.* The defendant also agreed to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture. *Id.*

On December 6, 2016, the defendant was sentenced to a three-year term of probation. [J&C, DE 406]. The Court ordered the defendant to forfeit $1,214,000.00 in United States currency as part of his sentence. *Id.* Based on the defendant's guilty plea, Plea Agreement, and Factual Proffer Statement [DE 24], the record in this case, and the Court's oral pronouncement of forfeiture, the United States seeks a forfeiture money judgment against the defendant in the amount of $1,214,000.00.

2

THEREFORE, upon motion of the United States, and for good cause shown thereby, it is hereby:

**ORDERED** that,

1. A forfeiture money judgment is hereby entered against the defendant in the sum of $1,214,000.00 in United States currency, which sum represents proceeds traceable to the conspiracy alleged in Count 2 of the Superseding Information, in violation of 18 U.S.C. § 371, pursuant to 18 U.S.C. § 981(a)(1)(C), made applicable by 28 U.S.C. § 2461(c), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure;

2. The defendant shall assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture of property, regardless of their nature or form, including real and personal property, cash and other monetary instruments, wherever located. Such assistance to include the identification of all assets subject to forfeiture, whether directly subject to forfeiture or as substitute assets, and the transfer of such assets to the United States, by delivery upon request, of all necessary and appropriate documentation with respect to the assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property and assets. In addition, the defendant shall not transfer or encumber assets without prior approval from the Court;

3. The United States is authorized, pursuant to Federal Rule of Criminal Procedure 32.2(c)(1) and Title 21, United States Code, Section 853(m), to conduct any discovery necessary, including depositions, to identify, locate or dispose of property to satisfy the forfeiture money judgment, or in order to expedite ancillary proceedings related to any third-party petition;

4. The United States may, at any time, move to amend this Order pursuant to Federal Rule of Criminal Procedure 32.2(e), so as to include other property in order to fully satisfy the forfeiture money judgment;

5. Pursuant to Federal Rule of Criminal Procedure Rule 32.2(b)(4), this Order is final as to the defendant and part of the sentence as referenced in the judgment and commitment order; and

6. The United States District Court shall retain jurisdiction in this matter for the purpose of enforcing this Order.

**DONE AND ORDERED** at Miami, Florida, this ___ day of _____, 2017.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE